AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 29 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

| | |
|---|---|
| ROWENA AKANA and RONALD BONGIOVANNI,<br>Plaintiffs,<br>V.<br>AMERICAN AIRLINES, INC.,<br>Defendant. | SUBPOENA IN A CIVIL CASE<br><br>CASE NUMBER: 04-00221 ACK LEK<br>SUBPOENA DUCES TECUM<br>and EXHIBIT A |

TO:   CUSTODIAN OF RECORDS: QUEEN'S MEDICAL CENTER
1301 Punchbowl Street
Honolulu, Hawaii   96813   PH: 537-7693

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| HONOLULU REPORTING SERVICES<br>Suite 401, 1000 Bishop Street<br>Honolulu, Hawaii   96813 (PH: 524-6288) | TUE. JANUARY 17, 2006 @ 9:00 a.m. |

AUTHORIZATION ATTACHED AS EXHIBIT A

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): ANY AND ALL medical records, reports, x-ray reports, laboratory reports, patient's billing records/statements, correspondence, consultation records/reports, records and writings of any kind or nature whatsoever, etc., pertaining to patient: ROWENA AKANA (DOB: 1/15/43; SSN: 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; Address:5562 Kalanianaole Hwy,Honolulu)

| PLACE | DATE AND TIME |
|---|---|
| same as above | same as above |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Michiro Iwanaga<br>Attorneys for Defendant AMERICAN AIRLINES, INC. | 1/6/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
WAYNE M. SAKAI 696-0, MICHIRO IWANAGA 2022-0, Sakai Iwanaga Sutton Law Group, 201 Merchant Street, Suite 2307, Honolulu, Hawaii 96813(792-3888)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

*[signature]*   Cheryl Macadangdang

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | JAN 1 0 2006  0930 hours | 1301 Punchbowl Street<br>Honolulu, HI |

SERVED ON (PRINT NAME): Queen Medical Center

MANNER OF SERVICE: Queen Medical Center thru its Cor. Cheryl Macadangdang duly authorized to accept service of process

SERVED BY (PRINT NAME): DOUGLAS A. CLARK, Process Server

TITLE: DOUGLAS A. CLARK, Process Server

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on JAN 1 0 2006

*[signature]* Douglas A. Clark
SIGNATURE OF SERVER

ADDRESS OF SERVER:
Douglas A. Clark
46-125 Ae---
Kaneohe, HI ----744
542-----

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## AUTHORIZATION FOR USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION
(pursuant to the Health Insurance Portability & Accountability Act (HIPAA) of 1996)

I authorize ____QUEEN'S MEDICAL CENTER____ to disclose the Protected Health Information (PHI) of:
(Producing Health Care Provider)

Patient Name: ____ROWENA AKANA____    Birth date: ____January 15, 1943____

Phone #: _____

To: Sakai Iwanaga Sutton Law Group
(directly or via its designated court reporter: ____HONOLULU REPORTING____
201 Merchant Street, Suite 2307
Honolulu, Hawaii 96813

| Information to be used and/or disclosed: | Purposes for use and/or disclosure: |
|---|---|
| ☒ Entire Record, including all medical and billing records and diagnostic studies<br>☐ Other____ | ☒ Legal Purposes<br>☐ Other____ |
| Note: Release of Psychotherapy Notes, as defined by HIPAA Regulation, requires a separate authorization. | Case Name: ____Akana v. American Airlines____<br>Case or Civil No.: ____Civil No. 04-00221-ACK LEK____ |

____ (Initial) I agree to the use and disclosure of the following information should it be contained in my medical record: Acquired Immune Deficiency Syndrome (AIDS) or HIV, Alcohol and/or drug abuse treatment, or behavioral or mental health services. (If I do not specifically agree, this information will not be disclosed).

Unless otherwise revoked, this authorization will expire on the following date or the occurrence of the following event: _____. (If a date or event is not specified, this authorization will expire one year from my date of signature below.)

I understand that the producing health care provider is providing Sakai Iwanaga Sutton Law Group and its authorized agent my Protected Health Information because of a threatened or pending claim and/or litigation.

I understand that the health information disclosed under this authorization may be re-disclosed by the recipient and may no longer be protected under federal privacy regulations. I authorize Sakai Iwanaga Sutton Law Group to re-disclose my Protected Health Information to consultants retained by Sakai Iwanaga Sutton Law Group; to the insurers, attorneys, and other representatives of other interested parties to the threatened or pending claim or litigation; and to witnesses. I acknowledge that use of my Protected Health Information will be limited to the threatened or pending claim or litigation, or to issues arising therefrom including but not limited to applications for medical staff privileges, responses to licensing investigations or inquiries, and similar uses or disclosures.

I understand that I may revoke this authorization at any time by notifying Sakai Iwanaga Sutton Law Group in writing of my revocation. I understand that the revocation will not apply to any information that already was used or disclosed in reliance on this authorization.

I hereby release the producing health care provider and Sakai Iwanaga Sutton Law Group and its designated court reporter from all liability and all claims of any nature whatsoever pertaining to the use or disclosure of information, or of any professional opinions, findings, or recommendations as contained in the records released to or by Sakai Iwanaga Sutton Law Group.

I agree that a photocopy or facsimile of this Authorization may serve as an original.

X Requester: _____    ____ROWENA AKANA____
             Signature                       Print Name

Relationship: _____    _____
(Description of authority to act) *Complete only if requester is not patient    Date

References: HIPAA standards for Privacy of Identifiable Health Information, 45 C.F.R. Subtitle A, Subchapter C, Section 164.508.

EXHIBIT A